IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANTHONY TUSWEET SMITH, ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 17-93 |
| ) | Chief Magistrate Judge Maureen P. Kelly |
| v. ) | |
| ) | |
| SECRETARY OF PENNSYLVANIA ) | |
| DEPARTMENT OF CORRECTIONS, SCI ) | |
| GREENE FACILITY MANAGER, SCI ) | |
| GREENE F-UNIT MANAGER, SCI ) | |
| GREENE CAPTAIN SHRADER, SCI ) | |
| GREENE RHU LT. MORRIS, SCI GREENE ) | |
| RHU SGT. TIKEY, SCI GREENE C/O ) | |
| ARBABELL, SCI GREENE C/O CARTER, ) | |
| SCI GREENE C/O HOLLOWOOD, SCI ) | Re: ECF No. 26 |
| GREENE C/O LEWIS, SCI GREENE C/O ) | |
| RIDDLE, SCI GREENE C/O RECICHAR, ) | |
| ) | |
| Defendants. | |

## OPINION AND ORDER

**KELLY, Chief Magistrate Judge**[1]

Plaintiff Anthony Tusweet Smith ("Plaintiff") is an inmate in the custody of the Pennsylvania Department of Corrections ("DOC"), and is presently incarcerated at the State Correctional Institution at Greene ("SCI Greene"). Plaintiff brings this civil rights action against Defendants Secretary of Pennsylvania Department of Corrections; SCI Greene F-Unit Manager; SCI Greene Captain Shrader; SCI Greene RHU Lt. Morris; SCI Greene RHU Sgt. Tikey ("Tikey"); SCI Greene C/O Arbabell; SCI Greene C/O Carter; SCI Greene C/O Hollowood ("Hollowood"); SCI Greene C/O Lewis; SCI Greene C/O Riddle ("Riddle"); SCI Greene C/O Recichar; and SCI Greene Facility Manager, alleging that cavity/strip searches are being conducted to harass Level 5 prisoners and deter them from participating in Level 5 activities and

---

[1] In accordance with the provisions of 28 U.S.C. § 636(c)(1), the parties voluntarily consented to having a United States Magistrate Judge conduct proceedings in this case, including the entry of a final judgment. ECF Nos. 14, 18.

that Defendants have retaliated against him for filing a grievance relative to the strip/cavity searches.[2]

Plaintiff submitted the instant Complaint on January 19, 2017, which was filed with the Court on April 17, 2017. ECF Nos. 1, 6. On August 3, 2017, Defendants filed a Motion for Leave to file a Motion for Summary Judgment on the Issue of Exhaustion Only, which was granted by the Court on August 4, 2017. ECF Nos. 23, 24. Defendants were directed to file the Motion for Summary Judgment by August 18, 2017 and, at the same time, Plaintiff was ordered to file a response to the Motion by September 18, 2017. ECF No. 24. Defendants timely filed their Motion for Summary Judgment on August 14, 2017, and on September 25, 2017, having failed to receive Plaintiff's response to the Motion as ordered, the Court issued an Order to Show Cause directing Plaintiff to show cause why the Motion should not be granted for failing to respond. ECF No. 31. In his response to the Order to Show Cause, Plaintiff indicated, amongst other things, that he did not receive the Court's Order granting Defendants leave to file the Motion for Summary Judgment and setting the briefing schedule. ECF No. 33. Plaintiff also indicated that he is unable to substantiate that he exhausted his administrative remedies absent discovery. Id. Consequently, the Court ordered Defendants to provide Plaintiff with any and all documents relevant to the issue of exhaustion that had not already been produced in conjunction with Defendants' Motion for Summary Judgment and to do so by October 30, 2017. The Court also extended the time for Plaintiff to respond to the Motion for Summary Judgment until 11/30/2017. 10/16/17 Text Order; ECF No. 34. In a letter dated October 23, 2017, Defendants represented that all of the documents related to the issue of exhaustion had been provided to Plaintiff in the Appendix to the Motion for Summary Judgment and thus no further discovery

---

[2] Plaintiff's complaint alleges that the strip and cavity searches consisted of requiring him to "bare body, expose my orifice - tongue, gums, ears, and anus, lift my penis to view the scrotum and lift the scrotum." ECF No. 6, p. 2.

2

would be forthcoming. ECF No. 36-1 at 2. Plaintiff subsequently requested an extension of time to file his response, which was granted by the Court. ECF Nos. 38, 40. Plaintiff filed his Response to Defendants' Motion for Summary Judgment on December 27, 2017. ECF Nos. 38, 40, 41. As such, the Motion is ripe for review. For the reasons that follow, the Motion for Summary Judgment will be granted.

## I. STANDARD OF REVIEW

Rule 56 of the Federal Rules of Civil Procedure provides that: "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). An issue of material fact is in genuine dispute if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). See Doe v. Abington Friends Sch., 480 F.3d 252, 256 (3d Cir. 2007) ("A genuine issue is present when a reasonable trier of fact, viewing all of the record evidence, could rationally find in favor of the non-moving party in light of his burden of proof"). Thus, summary judgment is warranted where, "after adequate time for discovery and upon motion . . . a party . . . fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Marten v. Godwin, 499 F.3d 290, 295 (3d Cir. 2007), *quoting* Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986).

The moving party bears the initial burden of demonstrating to the court that there is an absence of evidence to support the non-moving party's case. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). See Conoshenti v. Pub. Serv. Elec. & Gas Co., 364 F.3d 135, 140 (3d Cir. 2004). "[W]hen the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts . . . . Where

3

the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial." Scott v. Harris, 550 U.S. 372, 380 (2007), *quoting* Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986).

In deciding a summary judgment motion, a court must view the facts in the light most favorable to the nonmoving party and must draw all reasonable inferences, and resolve all doubts in favor of the nonmoving party. Matreale v. N.J. Dep't of Military & Veterans Affairs, 487 F.3d 150, 152 (3d Cir. 2007); Woodside v. Sch. Dist. of Phila. Bd. of Educ., 248 F.3d 129, 130 (3d Cir. 2001).

## II. DISCUSSION

The Prison Litigation Reform Act ("PLRA"), requires a prisoner filing a Section 1983 action to exhaust all administrative remedies before filing a claim in federal court. 42 U.S.C. § 1997(e)(a).[3] See Spruill v. Gillis, 372 F.3d 218, 228 (3d Cir. 2004). See also Nyhuis v. Reno, 204 F.3d 65, 73, (3d Cir. 2000) ("it is beyond the power of the court to excuse compliance with the exhaustion requirement"). In order to properly exhaust his or her administrative remedies, a plaintiff must be in "compliance with an agency's deadlines and other critical procedural rules . . . ." Woodford v. Ngo, 548 U.S. 81, 90–91 (2006). The DOC's Grievance System Policy, DC–ADM 804, sets out a three-step grievance and appeals process. First, an inmate is required to legibly set forth all facts and identify all persons relevant to his claim in a grievance which will then be subject to "initial review." Spruill v. Gillis, 372 F.3d at 232, 233. Second, after the initial review by a grievance officer, the inmate must file an appeal to the Facility Administrator

---

[3] Specifically, the PLRA states that:

> No action shall be brought with respect to prison conditions under section 1983 of this Title, or any other Federal law by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a).

4

for a second level of review. Id. at p. 232. Finally, the inmate is required to file an appeal to the Secretary's Office of Inmate Grievances and Appeals ("the Secretary's Office"). Id.

In addition, the United States Court of Appeals for the Third Circuit has found that the PLRA's exhaustion requirement includes a procedural default component which requires more than "simple" exhaustion; it requires "proper" exhaustion. Id. at 228, 230. Thus, where the inmate fails to specifically name the individual in the grievance or where the grievance is untimely or otherwise defective, claims against an accused individual are procedurally defaulted. Id. at 234. See Woodford v. Ngo, 548 U.S. at 90-91 (exhaustion of administrative remedies under the PLRA requires "using all steps that the agency holds out," and "demands compliance with an agency's deadlines and other critical procedural rules") (internal quotations and citations omitted).

Moreover, courts have held that the mandatory language contained in the DOC's policy governing inmate grievances, which provides that, "the inmate *must* request the specific relief sought in his/her initial grievance" if the inmate desires compensation or other legal relief normally available from a court, requires an inmate who seeks legal relief from a Court to state in the grievance what relief is sought (*e.g.* monetary relief) or else he has not properly exhausted administrative remedies as to any legal remedies not mentioned in that grievance. ECF No. 29-1 at 41 ¶ 11.d. See e.g., Mobley v. Snyder, No. 1:13-772, 2015 WL 5123909, at *7-9 (M.D. Pa. Sept. 1, 2015), *favorably cited by* Mayon v. Capozza, No. 2:14-1203, 2017 WL 476790, at *8 (W.D. Pa. Feb. 6, 2017); Sanders v. Beard, No. 3:09-1384, 2013 WL 1703582, at *6 (M.D. Pa. April 19, 2013); Collins v. Walsh, No. 1:09-1932, 2012 WL 3536803, at *3-4 (M.D. Pa. Aug. 15, 2012); Stafford v. Wetzel, No. 4:13-2026, 2016 WL 5171725, at *5 (M.D. Pa. Sept. 21, 2016), *citing* Geisler v. Hoffman, No. 99-1971, *slip op.* at 4 (3d Cir. Sept. 29, 2000).

Failure to exhaust administrative remedies is an affirmative defense and, hence, the burden lies with party asserting it. Karpiel v. Ogg, Cordes, Murphy & Ignelzi, LLP, 297 F. App'x 192, 193 (3d Cir. 2008).

Here, it is clear from the record that Plaintiff has not only failed to exhaust his administrative remedies but that his claims are procedurally defaulted as well.

**A. Grievance No. 636685**

Relative to this case, Plaintiff filed Grievance No. 636685 on July 31, 2016, in which he complained that the strip/cavity searches performed on Level 5 inmates every time they leave their cells are designed to harass and dissuade the inmates from participating in Level 5 activities. ECF No. 29-1 at 2. The grievance was denied and that finding was upheld at the second level of review on September 8, 2016. Id. at 3, 5. Although Plaintiff filed a timely appeal to the Secretary's Office for a third level of review, Plaintiff failed to provide the complete documentation relevant to the appeal. Id. at 6-8. Plaintiff was so notified on September 27, 2016, and given another fifteen days, or until October 12, 2016, to provide the required documentation. Id. at 8. Plaintiff failed to provide the documentation in a timely fashion, id. at 9, and on February 7, 2017, the appeal was ultimately dismissed as untimely. Id. at 12.

In response to Defendants' motion, Plaintiff argues that DOC's grievance procedure requirements are inapplicable because the cavity/strip searches were employed to sexually abuse and harass the Plaintiff. ECF No. 41 at 5. Plaintiff states that because of the sexual nature of his complaint, pursuant to DC-ADM 008 (Prison Rape Elimination Act) and DC ADM 804.1.A.6, his grievances should have been referred immediately to the "Security Office and the PCM for investigation & tracking, and not addressed in the Grievance System." Id. According to

6

Plaintiff, pursuant to these alternative complaint processes for sexual abuse complaints, he has timely and fully exhausted all grievances related to the searches.

The Court notes that this is the first occasion that Plaintiff has claimed a sexual motivation for the security searches, which are required of all inmates assigned to the Restricted Housing Unit. As described in detail by the Plaintiff in his Complaint, the strip and cavity searches were conducted in accordance with approved institutional security policy, see, e.g., Brown v. Blaine, 185 F. App'x 166 (3d Cir. 2006), were not sexual in nature, and do not implicate either of the cited alternative grievance or complaint processes. Plaintiff's belated re-characterization of the searches therefore does not alter the procedural path that he was required to follow to meet the exhaustion mandate of the PLRA.

Alternatively, Plaintiff argues that any delays in timely perfecting his final appeal are the result of his misapprehension of the Secretary's action letter granting Plaintiff an additional fifteen days to submit the missing documentation. Plaintiff further contends that such documentation is not required by DC-ADM 802, because the Secretary's Office is in constructive possession of all necessary grievance paperwork. ECF No. 41 at 5-6. These arguments are unavailing. The Secretary's Office sent notification that Plaintiff needed to provide a copy of his appeal to the Facility Manager within fifteen days or his appeal could be dismissed. ECF No. 29-1 at 12. His failure to comply with this directive is not excused given the clarity of the Secretary's instructions. See e.g. Mack v. Klopotoski, 540 F. App'x 108, 113 (3d Cir. 2013). See also, DC-ADM 804.2.j ("An inmate appealing a grievance to final review is responsible for providing the [the Secretary's Office] with all required documentation relevant to the appeal. A proper appeal to final review must include: (1) a legible copy of the Initial Grievance; (2) a copy of the initial review response/rejection ... (3) a legible copy of the Inmate

Appeal to the Facility Manager; (4) a copy of the Facility Manager/designee's decision..."). As a result of Plaintiff's failure to follow the instructions provided in the Action Required notice, his appeal was properly dismissed.

Because Plaintiff's final appeal to the Secretary's Office was untimely, it is apparent that Plaintiff's claims with respect to the strip/cavity searches are procedurally defaulted. In addition, it is also apparent that the only Defendant named in the grievance is Defendant Tikey and thus the claims as to the other Defendants are procedurally defaulted on that basis as well. As such, Defendants' Motion for Summary Judgment relative to the issues raised in Grievance No. 636685, will be granted.

**B. Grievance No. 638803**

Plaintiff filed Grievance No. 638803 on August 15, 2016, complaining that Defendant Tikey denied him access to the "yard" in retaliation for filing the above grievance regarding strip/cavity searches. Id. at 14. The grievance was denied and that finding was upheld at the second level of review on August 22, 2016. Id. at 15, 17. Plaintiff failed to file an appeal to the Secretary's Office for the final level of review and thus his claim of retaliation set forth in Grievance No. 638813 is also procedurally defaulted. Id. at 29-1 at 38 ¶ a.

Further, not only is Tikey again the only Defendant named in Grievance No. 638803, but Plaintiff did not request any relief in the grievance much less any legal relief that could be provided by a court.[4] Defendants, therefore, are entitled to summary judgment on Plaintiff's retaliation claim based on Grievance No. 638803.

---

[4] Although Defendant Riddle is mentioned in the grievance, Plaintiff does not state a claim against Riddle but merely states that Riddle honored Plaintiff's request to be placed on the yard list. Id. at 14.

8

### C. Grievance No. 640134

Plaintiff filed Grievance No. 640134 on August 23, 2016, in which he claimed that Tikey sent Defendant Hollowood to Plaintiff's cell to do Tikey's "dirty work" for him by denying Plaintiff access to the yard and that Tikey did so in retaliation for Plaintiff filing Grievance No. 638803. Id. at 19. Grievance No. 640134 was denied on August 31, 2016, and Plaintiff failed to file an appeal to either the second or third level of review. Id. at 20, 38 ¶ b. Moreover, Plaintiff has failed to identify any Defendant other than Tikey and Hollowood in the grievance and, again, did not request any relief in the grievance much less any legal relief that could be provided by a court. Plaintiff therefore has failed to exhaust his administrative remedies with respect to the claims raised in Grievance No. 640134 and Defendants' Motion for Summary Judgment in this regard is properly granted.

### D. Grievance No. 642039

In Grievance No. 642039, dated September 5, 2016, Plaintiff complains that he found mouse feces in his cereal. Id. at 23. The grievance was rejected on September 6, 2016, because it did not indicate the date of the occurrence. Plaintiff, however, was given five working days to correct the error. Id. at 24. The grievance was apparently resubmitted by Plaintiff in a timely fashion but was nevertheless denied on September 29, 2016. Id. at 25, 26. Plaintiff again failed to appeal that ruling to the second or third level of review and did not request any legal relief that this Court could provide; indeed, Plaintiff only asked that the individuals who prepare the trays "be more vigilant with their duties." Id. at 25, 38 ¶ c. In addition, the only Defendant mentioned in the grievance is Riddle but only because it was Riddle whom Plaintiff informed about the mouse excrement. Id. at 23. Under these circumstances, to the extent that Plaintiff brings claims

9

stemming from the food tray incident, Defendants are entitled to summary judgment as to these claims as well.

### E. Misconduct No. 991705

The record also shows that Plaintiff was issued a misconduct charging him with threatening an employee with bodily harm, refusing to obey an order and using abusive and/or obscene language to an employee following a verbal altercation with Tikey on September 13, 2016. According to the Misconduct Report, while Tikey was collecting food trays, Plaintiff put his arm through the wicket of his cell door and refused to remove it despite three direct orders to do so; Plaintiff also threatened to "put two bullets in the back of [Tikey's] head" and otherwise kill him. ECF No. 29-1 at 28. Following a video hearing held on September 15, 2016, Plaintiff was found guilty of all three infractions. Id. at 31. Plaintiff appealed the hearing examiner's findings to the Program Review Committee on September 18, 2016, and on September 23, 2016, the Program Review Committee sustained those findings. Id. at 32, 33. Plaintiff filed a second level appeal on November 9, 2016, which was denied by the Superintendent on November 27, 2016. Id. at 34, 36. Plaintiff, however, did not appeal the misconduct to final review and thus did not exhaust his administrative remedies with respect to his claims arising out of the September 13, 2016 incident. Id. at 38 ¶ d. Accordingly, Defendants' Motion for Summary Judgment relative to claims revolving around the September 13, 2016 incident and the resulting misconduct will be granted as well.

### III. CONCLUSION

For the foregoing reasons, Defendants' Motion for Summary Judgment on the Issue of Exhaustion Only is properly granted. Accordingly, the following Order is entered:

# ORDER

AND NOW, this 3rd day of January, 2018, upon consideration of Defendants' Motion for Summary Judgment on the Issue of Exhaustion Only, ECF No. 26, and Plaintiff's Response to Defendants' Motion, ECF No. 41, IT IS HEREBY ORDERED that Defendants' Motion is GRANTED and the Clerk of Court is to mark the case closed.

IT IS FURTHER ORDERED that, pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure, if Plaintiff wishes to appeal from this Order he must do so within thirty (30) days by filing a notice of appeal as provided in Rule 3, Fed. R. App. P., with the Clerk of Court, United States District Court, 700 Grant Street, Room 3110, Pittsburgh, PA 15219.

BY THE COURT:

MAUREEN P. KELLY
CHIEF UNITED STATES MAGISTRATE JUDGE

cc: All counsel of record by Notice of Electronic Filing

Anthony Tusweet Smith
EY9164
SCI Greene
175 Progress Drive
Waynesburg, PA 15370